UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DANELL HICKS, : CASE NO. 1:17-CV-02229
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
CITY OF CLEVELAND, *et al.*, :
:
      Defendants. :
:
------------------------------------------------------
JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      *Pro se* Plaintiff Danell Hicks filed this action against the Cleveland Police Department, Cleveland Police Chief Calvin Williams, the Cuyahoga County Jail, Cuyahoga County Jail Director of Inmate Health Services Marcus Harris, the Cuyahoga County Jail Medical Department, the Cuyahoga County Correctional Center Director, twelve Cleveland Police Officers, Dr. Alan Gatz, and Metro Health Systems.

      In the Complaint, Plaintiff objects to the circumstances leading to his arrest, and the conditions to which he was subjected at the Cuyahoga County Jail that allegedly exacerbated pain from his injuries. He asserts Cleveland police Defendants lacked probable cause to approach his vehicle, and the jail Defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages.

## I. Background

Plaintiff and Antonio Powell were involved in an hours-long standoff with the Cleveland Police SWAT team on February 28, 2017. Plaintiff, Powell, Plaintiff's brother Daron, and a female were sitting in a car parked outside a strip club at 2 a.m. when Cleveland police officers approached, saw weapons and ordered the occupants to exit the car. Daron and the female occupant complied and were arrested. Plaintiff and Powell refused to leave the vehicle resulting in the involvement of the SWAT team, and a standoff with police. Eventually Powell exited the vehicle and both he and Plaintiff shot at police. Police returned fire, leaving one officer, Plaintiff and Powell with gunshot wounds. Plaintiff and Powell were arrested and charged with twenty-four counts of attempted murder of a police officer as well as multiple felonious assault charges and weapons charges.

Plaintiff was treated for his injuries at Metro Health Medical Center and upon his discharge was taken to the Cuyahoga County Jail. He alleges that despite his gunshot wounds, he was made to sleep on the floor on a thin mattress for over twenty-four hours. After his arraignment, Plaintiff was interviewed by Dr. Gatz. Plaintiff indicated he was in tremendous pain, but the doctor informed him he would not be able to receive his prescription pain medications in jail. He was then placed in a three man cell in the F pod reserved for inmates with serious health conditions. Plaintiff contends the medical bed was in poor condition, with the springs poking through the mattress in places. He alleges his initial complaints were ignored. Eventually, he got a new bed and was moved to a single man cell. He states that this mattress was very thin and offered less cushioning than the hospital mattress. He states this

2

mattress was placed on a cold concrete floor that he contends was very painful with his injuries. He indicates he was moved to a bottom bunk when his injuries were almost healed. Plaintiff alleges that despite continued pain in his lower back, his left elbow and his left foot, Dr. Gatz continued to refuse to prescribe strong pain medications. Plaintiff asserts the Defendants denied him proper medical care and were deliberately indifferent to the conditions causing him pain.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Iqbal*, 556 U.S. at 678.

3

action will not meet this standard.[5]  When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

### III.  Analysis

As an initial matter, Metro Health Systems is not subject to suit under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[7]  Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee.  Metro Health Systems is a private party, not a government entity.

The Cleveland Police Department, the Cuyahoga County Jail, and the Cuyahoga County Jail Medical Department are not independent legal entities that can sue or be sued; they are merely sub-units of the municipalities they serve.[8]  The Court construes the claims asserted against these Defendants as claims asserted against the City of Cleveland and Cuyahoga County.

---

[5]     *Id.*
[6]     *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7]     *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

[8]     *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Hale v. Vance, 267 F.Supp.2d 725, 737 (S.D.Ohio 2003) ("The "Police Department, being a mere arm of the City ..., is not its own entity, and is not capable of being sued ( i.e., it is not sui juris )."); *Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued*); Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D. Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions.").

4

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability.[9] Instead, the municipality is liable under 42 U.S.C. § 1983 when the municipality itself, through the execution of its own policy or custom, inflicts the injury in question.[10] A municipality therefore can be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."[11] Plaintiff does not identify any policy, regulation, officially adopted decision of the City of Cleveland or Cuyahoga County that violated his constitutional rights.

Similarly, Plaintiff fails to state a claim for relief against Cleveland Police Chief Calvin Williams. To the extent Plaintiff is suing him in his official capacity, his claim is asserted against the City of Cleveland, and is dismissed for the reasons stated above. To the extent Plaintiff is suing him in his individual capacity, he has not alleged sufficient facts to state a claim for relief. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior.[12] Plaintiff does not allege any facts pertaining to the Police Chief. He cannot be held liable under § 1983 merely because he supervises other Defendants.[13]

Next, Plaintiff brings claims against twelve Cleveland Police Officers. He alleges the officers lacked probable cause to approach the vehicle given that they were parked legally, had

---

[9] *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).
[10] *Id.* at 694.
[11] *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).
[12] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).
[13] *Gregory v. City of Louisville*, 444 F.3d 725, 751-52 (6th Cir. 2006); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999).

valid license tags, and were not causing a disturbance. He contends race was the sole factor supporting their suspicion of criminal activity. Plaintiff pled guilty and was convicted of the charges against him.

In order to recover damages for an alleged unconstitutional conviction, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the conviction was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus.[14] A claim for damages bearing that relationship to a conviction that has not been invalidated cannot be brought under § 1983.[15]

Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff on that claim would necessarily imply the invalidity of his conviction or sentence. If it would, the claim must be dismissed unless the Plaintiff can demonstrate that the conviction has already been invalidated. If, however, the Plaintiff's claim, even if successful, will not call any outstanding criminal judgment into question, the claim can proceed in the absence of some other bar to the suit.

In this case, Plaintiff challenges whether the officers had probable cause to approach his vehicle and ask them to step out of the car, which set the chain of events into motion. This claim, if found to have merit, could call into question the validity of his conviction. Plaintiff cannot assert this claim in a § 1983 action unless his conviction is overturned on appeal or in a habeas action.

---

[14] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).
[15] *Id*.

Finally, while Plaintiff's claims against these Defendants are subject to dismissal under 28 U.S.C. § 1915(e), the same cannot be said for his claims against the Cuyahoga County Jail Director of Inmate Health Services Marcus Harris, the Cuyahoga County Correctional Center Director, and Dr. Alan Gatz. These claims pertain to the conditions in the jail to which Plaintiff was subjected after his release from the hospital, which he alleges exacerbated the pain he was experiencing from his injuries. At the pleading stage, these claims meet the minimum pleading requirements to survive initial review under § 1915(e).

## IV. Conclusion

Accordingly, Plaintiff's claims against the Cleveland Police Department, Cleveland Police Chief Calvin Williams, the Cuyahoga County Jail, the Cuyahoga County Jail Medical Department, Russell Lyons, Jose Delgado, Jr., Michael Budny, Ariel Rojas, Michael T. Gelske, Angel Serra, Patrick Livingston, Danna Saffo, Jason Warrington, Ramon Kaloczi, Jr. Andrew Crytzer, James P. Toomey, Jr., and Metro Health Systems are dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action shall proceed solely against Cuyahoga County Jail Director of Inmate Health Services Marcus Harris, the Cuyahoga County Correctional Center Director, and Dr. Alan Gatz on Plaintiff's claim that they were deliberately indifferent to his serious medical needs. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of

this order in the documents to be served upon the Defendants.

	IT IS SO ORDERED.


Dated: March 5, 2018						*s/	James S. Gwin*
								JAMES S. GWIN
								UNITED STATES DISTRICT JUDGE