UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
DANNELL L. HICKS,
: CASE NO. 1:17-CV-2229
    Plaintiff,

  vs.
: OPINION & ORDER
: [Resolving Doc. 20]

CITY OF CLEVELAND, *et al.*,

    Defendants.
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Dannell Hicks claims that Defendant Cuyahoga County Correctional Center Director Kenneth Mills violated his constitutional rights during his detention at the facility.[1] Defendant Mills now moves for summary judgment on all of Plaintiff's claims.[2] For the following reasons, the Court **GRANTS** Defendant's motion.

## I. Background

Cleveland Police shot Plaintiff seventeen times during a February 28, 2017 SWAT-style shootout.[3] Plaintiff was treated at MetroHealth Medical Center, which then transferred him to the Cuyahoga County Jail.[4] A grand jury subsequently indicted Plaintiff on attempted murder of a police officer, assault, and weapons charges.

Plaintiff claims that after his transfer, he was forced to sleep on a thin mattress on the floor for over twenty-four hours.[5] Plaintiff was then placed in a three-man cell reserved

---

[1] The Court previously dismissed Plaintiff's claims against all other Defendants. *See* Docs. 5, 16.
[2] Doc. 20.
[3] Doc. 1 at 7.
[4] *Id.*
[5] *Id.* at 8.

for inmates with serious medical conditions.[6] Plaintiff contends that the medical bed in this cell was in poor condition and that his complaints about its condition were ignored.[7]

Eventually, jail officials moved him to a single-person cell.[8] He states that during this period, he slept on a thin mattress on a concrete floor. He also asserts that he asked a nurse to speak with a doctor about pain in his lower back and that his requests were ignored.[9]

Defendant Hicks submits an affidavit with his motion stating that he lacks any personal knowledge of Hicks' health complaints or his conditions of confinement.[10] Defendant also submits three of Plaintiff's inmate request forms. In the first April 16, 2017 request, Hicks requests a refill for medicine. The April 17, 2017 reply states "[m]edications refilled today."[11] In the second May 18, 2017 request, Plaintiff requests follow up at MetroHealth to remove his colostomy bag. The May 22, 2017 reply states that his request was referred to trauma surgery, which would decide on his colostomy.[12] In the third July 11, 2017 request, Hicks asks to speak with someone about his mental health. The undated response states that Hicks was "put on list."[13]

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at 10.
[9] *Id.* The record does not establish whether the complained-of incidents occurred while Plaintiff was in pretrial detention or after his sentencing. The Court assumes that Hicks was being held before trial during the relevant period, given that they occurred shortly after his arrest.
[10] Doc. 21-1 at 1.
[11] *Id.* at 3.
[12] *Id.* at 4.
[13] *Id.* at 5.

## II. Discussion

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law.[14] In response to a summary judgment motion properly supported by evidence, the nonmoving party is required to present some "significant probative evidence which makes it necessary to resolve parties' differing versions of the dispute at trial."[15] The Court construes all evidence in the light most favorable to the nonmoving party.[16]

Defendant Director claims qualified immunity. The Court uses a two-part test to determine whether this defense applies. First, the Court asks whether the official violated Plaintiff's constitutional rights.[17] If so, the Court asks "whether the law clearly established that the officer's conduct was unlawful in the circumstances of the case."[18]

The Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, protects the rights of state pretrial detainees.[19] Nevertheless, the Sixth Circuit has historically analyzed Fourteenth Amendment claims under the Eighth Amendment rubric and continues to do so.[20]

---

[14] Fed. R. Civ. P. 56(a).
[15] *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989).
[16] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 601 (1986).
[17] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
[18] *Id.*
[19] *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006), *abrogated on other grounds by Andres v. Comm'r of Social Security*, 733 F. App'x 241 (6th Cir. 2018).
[20] *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

Case No. 1:17-cv-2229
Gwin, J.

### A. Deliberate-Indifference Claim

Plaintiff claims that Defendant Mills deliberately disregarded his severe pain while he was in pretrial confinement.[21] A pretrial detainee may prevail on a deliberate-indifference claim where they show 1) that they had an objectively serious medical need; and 2) that the defendant official subjectively "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."[22]

Assuming for the sake of argument that Plaintiff's pain was an objectively serious medical need, there are no record facts showing that Director Mills was subjectively aware of Plaintiff's condition. Defendant gives an undisputed declaration denying knowledge of Plaintiff's condition.[23] Further, the inmate request slips with Defendant's motion show that the jail responded to his requests in short order. Defendant Director Mills did not author any of the responses.

Thus, Defendant is entitled to summary judgment on Plaintiff's deliberate-indifference claim.

---

[21] Plaintiff sues Director Mills in his personal and official capacity. To the extent that he sues Mills in his official capacity, his claim construed as against Cuyahoga County. These claims fail for the reasons cited in the Court's previous opinion on this matter. *See* Doc. 5 (explaining that Plaintiff has not identified a policy, custom, regulation, or officially adopted decision of Cuyahoga County that violated his constitutional rights).
[22] *Id.* at 398-99. The Sixth Circuit has acknowledged that the Supreme Court's decision in *Kingsley* may have abrogated the subjective component of this deliberate-indifference test in the pretrial context; other circuits have split on this issue. *See id.* at 938 n. 3. The Court agrees that *Kingsley* calls the Sixth Circuit's deliberate indifference jurisprudence into serious doubt, because it abrogated the subjective requirement in the use-of-force context. However, given that the Sixth Circuit has explicitly declined to overrule its holdings in light of *Kingsley*, the Court applies the subjective test here.
[23] Plaintiff has not responded to Defendant's motion. Because Plaintiff has not responded, the Court considers the facts asserted in Defendant's motion as undisputed for purposes of this motion and grants summary judgment. *See* Fed. R. Civ. P. 56(e)(2), (3). *See also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (explaining that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

### B. Conditions-of-Confinement Claim

Plaintiff also claims that he was subjected to unreasonable conditions of confinement, because his hospital bed was uncomfortable and because he was forced to sleep on a thin mattress on the floor. To succeed on a Fourteenth Amendment conditions-of-confinement claim, a pretrial detainee must show that 1) the prison official's act or omission "result[ed] in the denial of the minimal civilized measure of life's necessities;" and 2) the official's state of mind was one of "deliberate indifference to inmate health or safety."[24]

Here, Defendant states that he was not aware of Plaintiff's conditions of confinement. Because this statement is undisputed, there is no record evidence indicating Defendant had the requisite state of mind. Thus, Defendant is also entitled to summary judgment on Plaintiff's conditions-of-confinement claim.

Because the Court has found that Defendant did not violate Plaintiff's constitutional rights, it need not consider whether the law clearly established the claimed violations.[25]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

Dated: January 14, 2019
                  s/  *James S. Gwin*
                  JAMES S. GWIN
                  UNITED STATES DISTRICT JUDGE

---

[24] *Spencer*, 449 F.3d at 728 (internal quotation marks omitted). Several circuits have held that *Kingsley* displaces prior subjective requirements in pretrial detainee conditions-of-confinement claims. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 351 (7th Cir. 2018); *Darnell v. Pineiro*, 849 F.3d 17, 34–35 (2d Cir. 2017) (same).
[25] *Katz*, 533 at 201.